**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**NADIA FRANCOIS,**

      **Petitioner,**

**vs.**                               **1:05cv26-MMP/AK**

**WARDEN M. RIVERA,**

      **Respondent.**

_____/

## REPORT AND RECOMMENDATION

This cause is before the Court on Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Doc. 1.  By separate order, the Court has, in the interests of expediting ruling, granted Petitioner IFP status.  On this occasion, Petitioner, citing *Blakely*, *Booker*, and *Fanfan*, requests that she be immediately released "as she has served the Statutory Maximum...."  *Id.*  Having carefully considered the matter, the Court recommends that the petition be denied.

## BACKGROUND

Petitioner pled guilty in the United States District Court for the Southern District of Florida to one count of a two-count indictment charging her with various immigration violations.  *United States v. Francois*, 00-96-CR-GOLD (S.D. Fla.).  She was sentenced on August 25, 2000, to 85 months imprisonment.  Petitioner filed a direct appeal raising an *Apprendi* issue.  Her sentence was affirmed on April 11, 2001.  On May 14, 2002, Petitioner filed a motion to vacate pursuant to § 2255.  The motion to vacate was denied

on April 10, 2003. Petitioner appealed the order denying § 2255 relief, but the district court and the court of appeals denied her a certificate of appealability (COA).

As noted, Petitioner brings this action pursuant to § 2241.

## DISCUSSION

Section 2255 provides in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255. The question presented here is whether the savings clause of § 2255, which permits a federal prisoner to seek § 2241 habeas corpus relief when a motion to vacate is "inadequate or ineffective to test the legality of...detention," affords Petitioner any relief on this occasion. In *Wofford v. Scott*, the Eleventh Circuit found that the savings clause of § 2255 applies to a claim only when:

> (1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999). "[T]he only sentencing claims that may conceivably be covered by the savings clause are those based upon a retroactively applicable Supreme Court decision overturning circuit precedent." *Id.* at 1245. The question of actual innocence is not triggered until a determination is made that a petitioner can proceed under § 2241. *Id.* at 1244 n.3.

Following its decision in *Blakely v. Washington*, which involved the constitutionality of state sentencing guidelines, the United States Supreme Court determined that *Blakely* applies to the Federal Sentencing Guidelines as well. *United*

*States v. Booker*, _____ U.S. _____, 124 S.Ct. 2519, 159 L.Ed. 2d 442 (2204).  However, the Eleventh Circuit has just determined that *Booker* is not retroactively applicable to cases on collateral review, as "*Booker*'s constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review."  *Varela v. United States*, 2005 WL 367095, at *4 (11th Cir. Feb. 17, 2005).  *Booker* itself does not address its retroactivity, and without an indication from the Supreme Court that its ruling is retroactively applicable to cases on collateral review so as to "open the portal to a § 2241 proceeding," *id.*, the savings clause of § 2255 is not triggered to allow this § 2241 habeas corpus petition to proceed.

Accordingly, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, Doc. 1, be **DENIED**, and this cause **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this **22**[nd] day of March, 2005.

**s/ A. KORNBLUM**_____
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**